ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 NOV 13 PM 2:01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHNNY MACK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-052 |
| | ) | |
| WILLIAM A. HARRELL, Jailer, Laurens County Sheriff's Department, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Baldwin State Prison in Baldwin, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred in Laurens County, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING OF THE COMPLAINT**

   A. **BACKGROUND**

Plaintiff names William A. Harrell, Jailer at the Laurens County Sheriff's Department, as the sole Defendant in his complaint. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges that while he was incarcerated at Valdosta State Prison serving a ten-year sentence for armed robbery and aggravated assault, he was transported to Laurens County Jail to be processed and booked under counts of child molestation and aggravated child molestation. (Id. at 5; doc. no. 1-2, p. 2.) Plaintiff alleges that despite his protestations that he was the wrong person, they continued to process and book him, which amounted to a false arrest. (Doc. no. 1, p. 5.) It is clear from the face of Plaintiff's complaint that the criminal case arising out of these charges is still pending in Laurens County. (Id.; doc. no 1-1, pp. 1-4.) These charges have purportedly caused Plaintiff to suffer injuries at his own hands and at the hands of other inmates following his transport back to Valdosta State Prison, for which Plaintiff seeks $100,000.00 in damages. (Doc. no. 1, p.6; doc. no. 1-2, at 5.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Complaint is Barred Under Heck v. Humphrey

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint is barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his §

1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (extending Heck to certain types of due process challenges brought under § 1983). Notably, Heck applies to suits filed by pretrial detainees, such as Plaintiff here. Mallery v. McLeod, CV 312-126, 2012 WL 2378140, at *3-4 (N.D. Fla. May 31, 2012) (citing Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004); Smith v. Holtz, 87 F.3d 108 (3d. Cir. 1996)). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983. Heck, 512 U.S. at 487.

Here, Plaintiff alleges that he was falsely arrested in connection with two crimes that he did not commit. (See doc. no. 1, p. 5.) In other words, Plaintiff protests that he is, in fact, innocent of the charges that have been leveled against him. However, were the claim resolved in Plaintiff's favor in this Court, the outcome would inevitably undermine the state criminal proceeding now pending by indicating that he was not responsible for the crimes with which he has been charged. Vickers, 137 F. App'x at 290. For that reason, his claim is barred by Heck, even acknowledging the fact that Plaintiff is a pretrial detainee rather than a convicted prisoner. See Josey v. Tex. Dep't of Pub. Safety, 101 F. App'x 9, 10 (5th Cir. 2004) (*per curiam*) (dismissing, under Heck, pretrial detainee's § 1983 lawsuit where he claimed, *inter alia*, that there was no probable cause for his arrest, when resolving the claims in his favor would undermine the validity of his potential conviction); see also Thomas v. Pugh, 9 F. App'x 370, 371-72 (6th Cir. 2001) (dismissing, under Heck, pretrial detainee's § 1983 claims that he was denied his

constitutional rights to a speedy indictment, speedy trial, due process, equal protection, and freedom from cruel and unusual punishment); Cole v. State of Fla., CV 310-178, 2010 WL 2711861, at *3 (N.D. Fla. June 3, 2010) (dismissing, under Heck, pretrial detainee's § 1983 claim of false arrest where resolving the claim in his favor would undermine his potential conviction on pending criminal charges); Mallery, 2012 WL 2378140 at *3-4 (finding that Heck barred pretrial detainee's damages claims because, if successful, his claims would necessarily imply the invalidity of his potential convictions). Accordingly, Plaintiff's claim is barred under Heck.

### 3. No Constitutional Violation by Defendant

Additionally, the Court finds that even if Plaintiff were pursuing a mistaken identity claim by alleging there are multiple prisoners sharing the same name and the wrong "Johnny Mack, Jr." was pulled from the jail to be booked on these new charges based on the summons being issued for the wrong prisoner, (doc. no. 1-1, pp. 1-4), Plaintiff's complaint still fails to state a claim under §1983. "[W]e do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury." Baker v. McCollan, 443 U.S. 137, 145-46 (1979) (holding that plaintiff who was arrested pursuant to valid warrant and detained in jail for three days despite his protests of mistaken identity failed to allege claim under § 1983 against sheriff, because plaintiff's detention was pursuant to warrant conforming to constitutional requirements and thus did not amount to a deprivation of liberty without due process of law); see also Rodriguez v. Farrell, 280 F.3d 1341, 1349 (11th Cir. 2002) (holding that arrest of suspect pursuant to execution of valid

warrant for person other than suspect was reasonable mistake and did not violate Fourth Amendment).

Here, the Clerk of the Superior Court of Laurens County issued and stamped a summons for "Johnny Lee Mack, Jr." (Doc. no. 1-1, pp. 1-4.) Accordingly, Defendant was acting pursuant to valid paperwork and was not required to perform an error-free investigation into Plaintiff's claim of mistaken identity. See Baker, 443 U.S. at 145-6. Thus, Plaintiff's complaint should be dismissed for failure to state a claim under § 1983.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of November, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE