# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 16 PM 2:52

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JOHNNY MACK, JR.,                    )
                                     )
        Plaintiff,                   )
                                     )
   v.                                )        CV 313-052
                                     )
WILLIAM A. HARRELL,                  )
                                     )
        Defendant.                   )

---

## ORDER

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 16, 17).[1]   The Magistrate Judge recommended that Plaintiff's complaint be dismissed as failing to state a claim for two reasons. (See doc. no. 12.) First, it should be dismissed as barred under Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff's allegations rested on the invalidity of his imprisonment and from the face of his complaint the criminal case was still pending. Second, there was no constitutional violation by Defendant, who was acting pursuant to valid paperwork and was not required to perform an error-free investigation into Plaintiff's claim of mistaken identity.

---

[1]Plaintiff has submitted three filings entitled "Pro-Se Motion." (Doc. nos. 14, 16, 17.) The first contains what he alleges is proof Laurens County is prosecuting the wrong person. (See generally doc. no. 14.) The other two filings repeat his claims and the relief he seeks. (See generally doc. nos. 16, 17.) Accordingly, the Court will liberally construe the latter two filings as objections to the Magistrate Judge's R&R since they were received by the Court after Plaintiff was served with the R&R. Additionally, the Court will also construe Plaintiff's second "Pro-Se Motion" as a motion to appoint counsel.

Although Plaintiff now divulges additional information concerning the communications he has had with the Laurens County Clerk of Court, that new information, critically, does not warrant a deviation from the Magistrate Judge's recommendation. More specifically, Plaintiff now attaches an undated letter allegedly from the Deputy Clerk of Laurens County stating, "I have received your letter in regards to you receiving mail intended for a different person. Thank you for bringing this to our attention. We have corrected the error and served the correct person. We apologize for any confusion." (Doc. no. 14, p. 4.) Plaintiff has nonetheless failed to state a claim under § 1983 against Defendant because, as discussed in the R&R, Defendant was acting pursuant to valid paperwork and was not required to perform an error-free investigation into Plaintiff's claim of mistaken identity. See Baker v. McCollan, 443 U.S. 137 (1979); Rodriguez v. Farrell, 280 F.3d 1341 (11th Cir. 2002). Therefore, Plaintiff's objections are **OVERRULED**, (doc. nos. 16, 17), and the Court **DENIES** Plaintiff's "Pro-Se Motion," (doc. no. 14).

Additionally, Plaintiff again seeks an appointment of counsel. (Doc. no. 16.) The Magistrate Judge has already denied Plaintiff's request for appointment of counsel in an Order dated August 12, 2013. (Doc. no. 6, pp. 4-5.) For the reasons discussed in that Order, the Court finds that Plaintiff has still failed to demonstrate that he is entitled to appointment of counsel. The Magistrate Judge stated in that Order that he would, "entertain a second motion for appointment of counsel if, later on in the proceedings, exceptional circumstances arise and Plaintiff cannot present the essential merits of his position, and it becomes apparent that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty." (Id. at 5.) Plaintiff

has continued to show himself capable of communicating with the Court and has failed to show that exceptional circumstances exist to justify appointment of counsel, see Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996), or that he has any issues that prevent him from "presenting the essential merits of his . . . position," see Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Moreover, Plaintiff has failed to state a claim under § 1983 against Defendant. Therefore, the Court **DENIES** Plaintiff's request for appointment of counsel, (doc. no. 16).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's claims are **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action is closed.[2]

SO ORDERED this _____ day of January, 2014, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2]As the Court has concluded that Plaintiff has failed to state a claim upon which relief may be granted and this case is now closed, his request for a hearing on these alleged civil rights violations is **DENIED AS MOOT**. (Doc. no. 18.)

3